# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO MARTIN,<br>　　　Petitioner,<br>　　v.<br>WARDEN SHERMAN,<br>　　　Respondent. | Case No. 2:19-cv-09080-AB (GJS)<br><br>ORDER: DISMISSING PETITION AS SECOND OR SUCCESSIVE; DENYING CERTIFICATE OF APPEALABILITY; AND REFERRING PETITION PURSUANT TO NINTH CIRCUIT RULE 22-3(a) |

　　On June 26, 2018, Petitioner filed a 28 U.S.C. § 2254 habeas petition in the United States District Court for the Northern District of California (the "First Petition"). The First Petition challenged Petitioner's conviction sustained in Los Angeles Superior Court Case No. BA394946 (the "State Conviction") and raised as Petitioner's federal habeas claims three of the same claims that he had raised in his state direct appeal. The First Petition was transferred to this District on August 14, 2018, was assigned Case No. CV 18-7173-AB (GJS), and was served on Respondent the next day. Briefing ensued, the United States Magistrate Judge issued a Report and Recommendation, and on October 28, 2019, the Court accepted the Report and Recommendation, denied the First Petition on its merits, and Judgment was entered.

In the interim, on December 14, 2018, Petitioner initiated a second 28 U.S.C. § 2254 habeas action, this time in the United States District Court for the Southern District of California (where it was assigned Case No. CV 18-2814). On February 8, 2019, the habeas petition filed in the 18-2814 action was ordered to be transferred to this District,[1] and on February 11, 2019, it was given Case No. CV 19-1023-AB (GJS) (hereafter, "Second Petition.") The Second Petition – like the First Petition in the earlier-filed 18-7173 action – challenged Petitioner's State Conviction and appeared to raise the same claims that Petitioner raised in his state direct appeal and which already were pending before the Court in the First Petition action. On March 4, 2019, the Court dismissed the Second Petition action as duplicative of the First Petition action. On April 30, 2019, the Court denied Petitioner's motion for reconsideration. Petitioner has appealed the dismissal of the Second Petition, and his request for a certificate of appealability is pending in the United States Court of Appeals for the Ninth Circuit (No. 19-55797).[2]

Petitioner now has filed another 28 U.S.C. § 2254 habeas petition challenging the State Conviction and his related sentence [Dkt. 1, "Petition"]. The instant Petition consists of an unsigned habeas petition form (from the Southern District) that alleges a single claim attacking Petitioner's State Conviction sentence. Without explanation, Petitioner labels his sentence as "unauthorized," alludes to "illegitimate enhancements," double jeopardy, California Penal Code § 654, and the Fifth and Fourteenth Amendments, and then "refers" the Court to an attached memorandum of

---

[1] Before the Second Petition was transferred to this District, Petitioner filed a *third* 28 U.S.C. § 2254 habeas petition challenging the State Conviction, again in the Southern District, which was assigned Case No. CV 19-259. On February 14, 2019, an order issued directing that this third habeas petition be filed in the Second Petition action as a motion seeking leave to amend the original petition filed in that case (namely, the Second Petition).

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files, as well as the Ninth Circuit dockets available electronically through the PACER system.

points and authorities that Petitioner apparently may have filed in the state trial court ("Memorandum"). The 70-plus page Memorandum, unfortunately, does little to explain Petitioner's intended habeas claim(s), given that its allegations are difficult to follow. As best as the Court can tell, Petitioner appears to contend – based on citations to and quotations from various California decisions (which pre-date the State Conviction and sentence), California Penal Code Statutes, and the Witkin treatise – that the California Penal Code § 12022.53 firearm enhancement imposed in connection with his sentence is improper and that his trial counsel provided ineffective assistance in various respects. Petitioner further appears to contend that insufficient evidence existed to impose the Section 12022.53 enhancement, and that he is entitled to relief under S.B. 620 (namely, to have the trial court exercise its discretion to strike the enhancement).[3]

## DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.*, 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the

---

[3] The First Petition did not allege any such ineffective assistance of trial counsel claim, nor any such S.B. 620-based claim with respect to the Section 12022.53 enhancement imposed in connection with Petitioner's sentence. The Court notes, however, that in his state direct appeal, Petitioner did raise his Section 12022.53/S.B. 620 claim and the California Court of Appeal rejected it on the merits on November 30, 2017 (Case No. B266560). The California Court of Appeal found that remand for resentencing under S.B. 620 would be futile, because based on the record, there was no reasonable probability that the trial court would choose to exercise its discretion to strike the firearm enhancement if the matter were to be remanded. Thus, this is not a new claim for Petitioner and he could have raised his present Section 12022.53/S.B. 620 claim in his First Petition action, but chose not to do so.

merits" in an earlier Section 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this District Court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007).

The First Petition raised various federal constitutional claims challenging the State Conviction and was denied on its merits. The present Petition again challenges that same State Conviction and its related sentence and thus, on its face, is second or successive within the meaning of Section 2244(b). The Court has reviewed the Ninth Circuit's dockets, and there is no evidence that Petitioner has sought, much less obtained, leave from the Ninth Circuit to file the current Petition.

Whether or not the claim(s) alleged in the Petition may, as a prima facie matter, satisfy the requisites of 28 U.S.C. § 2244(b)(2) is a question that must be presented to and resolved by the Ninth Circuit, not this District Court. Petitioner, however, has not obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claims alleged in the Petition. This Court therefore lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also Burton*, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2); *Slack v.*

*McDaniel*, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22–3(a).

**IT IS SO ORDERED.**

DATED: December 6, 2019

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE